**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1181**

_____

CHRISTOPHER BENJAMIN,

        Plaintiff - Appellant,

        v.

DALE INMAN; DOUG HEWITT; TERRIE HUTAFF; GREG SCHAEFER;
GERALD DIETZEN; WILLIE MCDONALD; STANLEY SADLER; STEVEN
BULLARD; ANTHONY G. CHAVONNE, Mayor; CITY OF FAYETTEVILLE;
ERNEST LOVE,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge.  (5:09-cv-00553-FL)

_____

Submitted: October 18, 2011        Decided: October 20, 2011

_____

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher Benjamin, Appellant Pro Se.  Brian Keith Leonard,
CITY OF FAYETTEVILLE, Fayetteville, North Carolina; James
Carlton Thornton, PARKER, POE, ADAMS & BERNSTEIN, LLP, Raleigh,
North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Benjamin appeals the district court's order granting in part Defendants' motion to dismiss Benjamin's complaint alleging a state retaliatory employment discrimination claim, and violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2011), and 42 U.S.C. §§ 1983, 1985 (2006).[*] Benjamin further appeals a subsequent order granting summary judgment to Defendant Love on Benjamin's § 1983 claim. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Benjamin v. Inman, No. 5:09-cv-00553-FL (E.D.N.C. Aug. 5, 2010; May 18, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Benjamin's appeal from this order was interlocutory when filed. The district court's subsequent entry of a final judgment permits review of the order under the doctrine of cumulative finality. See In re Bryson, 406 F.3d 284, 287–89 (4th Cir. 2005); Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).